**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-CR-20142-ALTMAN**

**UNITED STATES OF AMERICA**

**v.**

**LESLIE HOWARD ROBERTS,**

**Defendant.**

**UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE**

Pursuant to 18 U.S.C. § 981(a)(1)(C) and the procedures set forth in 21 U.S.C. § 853 and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States moves for the entry of a Preliminary Order of Forfeiture against Defendant Leslie Howard Roberts (the "Defendant") in the above-captioned matter. The United States seeks a forfeiture money judgment in the amount of $2,581,465.00. In support of this motion, the United States provides the following factual and legal bases.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On April 10, 2025, a federal grand jury returned an Indictment charging the Defendant in Count 1 with conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349, among other counts. Indictment, Dkt. No. 5. The Indictment also contained forfeiture allegations, which alleged that upon conviction of a violation of 18 U.S.C. § 1349, the Defendant shall forfeit any property, real or personal, which constitutes or is derived from proceeds traceable to such offenses pursuant to 18 U.S.C. § 981(a)(1)(C). *See id.* at 7.

On June 10, 2026, the Court accepted the Defendant's guilty plea to Count 1 of the Indictment. *See* Plea Agreement ¶ 1, Dkt. No. 77. As part of the guilty plea, the Defendant agreed

to the entry of a forfeiture money judgment against him in the amount of $2,581,465.00. Plea Agreement ¶ 13, Dkt. No. 77.

## II. MEMORANDUM OF LAW

### A. Directly Forfeitable Property

Any property, real or personal, which constitutes or is derived from proceeds traceable to a mail fraud or wire fraud offense is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

If a defendant is convicted of such violation, the Court "shall order" the forfeiture of property as part of the sentence. *See* 18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c). Criminal forfeiture is governed by the preponderance standard. *See United States v. Hasson*, 333 F.3d 1264, 1277 (11th Cir. 2003). Upon finding that property is subject to forfeiture by a preponderance, the Court:

> . . . must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria. The court must enter the order without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

Fed. R. Crim. P. 32.2(b)(2)(A).

The Court "must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant," unless entering the order at that time would be "impractical." Fed. R. Crim. P. 32.2(b)(2)(B); *but see McIntosh v. United States*, 601 U.S. 330, 333, 338 (2024) ("district judge's failure to enter a preliminary order prior to sentencing does not deprive a judge of the power to order forfeiture"). And at sentencing, the Court "must include the forfeiture when orally announcing the sentence or must otherwise ensure that the defendant knows of the forfeiture at

sentencing," and then "include the forfeiture order, directly or by reference, in the judgment." Fed. R. Crim. P. 32.2(b)(4)(B).

**B. Forfeiture Money Judgments**

A forfeiture order may be sought as a money judgment. *See* Fed. R. Crim. P. 32.2(b)(1)(A), (2)(A); *see also United States v. Padron*, 527 F.3d 1156, 1162 (11th Cir. 2008) (holding that Federal Rules of Criminal Procedure "explicitly contemplate the entry of money judgments in criminal forfeiture cases"). The forfeiture money judgment is final as to the defendant "[a]t sentencing—or at any time before sentencing if the defendant consents." *See* Fed. R. Crim. P. 32.2(b)(4)(A). No ancillary proceeding is required when forfeiture consists solely of a money judgment. *See* Fed. R. Crim. P. 32.2(c)(1). As additional property is identified to satisfy the forfeiture money judgment, the Court must order the forfeiture of such property. *See* Fed. R. Crim. P. 32.2(e)(1) ("[T]he court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include property that . . . is subject to forfeiture under an existing order of forfeiture but was located and identified after that order was entered; or . . . is substitute property . . . ."); *see also* Fed. R. Crim. P. 32.2(b)(2)(C).

The amount of the money judgment should represent the full sum of directly forfeitable property, regardless of the defendant's ability to satisfy the judgment at the time of sentencing. *See United States v. McKay*, 506 F. Supp. 2d 1206, 1211 (S.D. Fla. 2007) (adopting the majority rule); *see also United States v. Blackman*, 746 F.3d 137, 143-44 (4th Cir. 2014) ("The fact that a defendant is indigent or otherwise lacks adequate assets to satisfy a judgment does not operate to frustrate entry of a forfeiture order."). The Court determines the amount of the money judgment "based on evidence already in the record, including any written plea agreement, and any additional evidence or information submitted by the parties and accepted by the court as relevant and

reliable." Fed. R. Crim. P. 32.2(b)(1)(B). The Court in imposing a forfeiture money judgment may rely on an agent's reliable hearsay. *See United States v. Stathakis*, 2008 WL 413782, at *14 n.2 (E.D.N.Y. Feb. 13, 2008). The defendant's money judgment amount can be based on a reasonable estimate on the amount of property subject to forfeiture. *See, e.g., United States v. Roberts*, 660 F.3d 149, 166 (2d Cir. 2011); *United States v. Peithman*, 917 F.3d 635, 651 (8th Cir. 2019); *United States v. Vico*, 2016 WL 233407, at *7 (S.D. Fla. Jan. 20, 2016) (calculation of money judgment does not require mathematical exactitude; district court may make a reasonable extrapolation supported by a preponderance of the evidence).

### C. Property Subject to Forfeiture in Instant Criminal Case

At the Defendant's Change of Plea Hearing, the Government advised the Court that Defendant worked with others to convince the victims in this case to buy fabricated art. Change of Plea Hr. Tr. 25:1-2. Defendant agreed that he obtained $2,581,465.00 from the sale of forged artwork in this case. *Id.* at 26:4-5.

Based on the record in this case, the total value of the proceeds traceable to Count 1 of the Indictment is $2,581,465.00, which sum may be sought as a forfeiture money judgment pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

Accordingly, pursuant to 18 U.S.C. § 981(a)(1)(C) and Fed. R. Crim. P. 32.2, the Court should issue the attached proposed order, which provides for the entry of a forfeiture money judgment against the Defendant; the inclusion of the forfeiture as part of the Defendant's sentence and judgment in this case; and permission to conduct discovery to locate assets ordered forfeited.

**LOCAL RULE 88.9 CERTIFICATION**

Pursuant to Local Rule 88.9, I hereby certify that the undersigned counsel has attempted to confer with defense counsel via e-mail on September 16,2026, regarding the Defendant's position on the relief sought, but has not yet received a response.

Respectfully submitted,

**JASON A. REDING QUIÑONES**
**UNITED STATES ATTORNEY**

By: *_/s/ Nicole Grosnoff_*
Nicole Grosnoff
Assistant United States Attorney
Court ID No. A5502029
nicole.s.grosnoff@usdoj.gov
U.S. Attorney's Office
99 Northeast Fourth Street, 7th Floor
Miami, Florida 33132-2111
Telephone: (305) 961-9294
Facsimile: (305) 536-4089