UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

Plaintiff,

CASE NUMBER 25-20142-CR-ALTMAN/LETT

v.

LESLIE H. ROBERTS

Defendant.

______________________________

**SENTENCING MEMORANDUM/**
**MOTION FOR DOWNWARD VARIANCE**

Defendant, LESLIE H. ROBERTS, hereby files his Sentencing Memorandum and in support of his request that this Court vary downward from his advisory guideline range states the following:

Probation sets Roberts' advisory guideline range at a level 22 based on a base offense level of 7 plus 16 levels for loss, plus 2 levels for sophisticated means, minus 3 levels for acceptance of responsibility. Given a criminal history category of II, his guideline range is 46-57 months. Roberts has not filed objections to this calculation.

It is now well-settled that in addition to the advisory guideline range this Court must also consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3) the need for deterrence;

(4) the need to protect the public;

(5) the need to provide the defendant with needed educational or vocational training or medical care;

(6) the kinds of sentences available;

(7) the Sentencing Guidelines range;

(8) pertinent policy statements of the Sentencing Commission;

(9) the need to avoid unwanted sentencing disparities; and

(10) the need to provide restitution to victims.

*See* 18 U.S.C. § 3553(a). This Court may give greater weight to some factors than others. *United States v. Cavera*, 550 F.3d 180, 191 (2d Cir. 2008). In this case, it is the nature and circumstances of this offense, as well as the history and characteristics of this defendant, and outstanding efforts of cooperation that stand out.

Robert's life has not been easy. He was home when his Mother killed his Father. He was 12 years old at the time. That would scar anybody, and certainly scarred Roberts. His background history is recounted in the pre-sentence report, and Dr Andrew Klein will testify as to how that trauma shaped Robert’s life.

Moreover, Roberts has demonstrated his substantial assistance to the Government as immediately following his arrest, he began cooperating with law enforcement. His extraordinary efforts for more than a year have led to law enforcement busting up what appears to be the biggest Art related fraud network in US History. His efforts are the primary reason the Government was able to execute search warrants leading to the huge seizure of fake Art. The Government will verify details of the substantial assistance efforts at sentencing, and agents of the FBI will appear to verify any details the Court may inquire about.

While those seizures have not yet led to any indictments or convictions, it is anticipated that arrests and prosecutions are pending. Unfortunately, until commencement of the prosecutions, the Government is not ready to file a § 5K1.1 reduction, although clearly the efforts would qualify as substantial. The Government has indicated that a Rule 35 motion will be filed once ripened. In addition to assisting the Government, Robert's has been assisting the victims in this case who are pursuing civil litigation against third parties that were involved in the underlying crimes and many other crimes against many other persons.

This Court may, nevertheless, consider Roberts' efforts at this stage before the filing of either a §5k1.1 motion or the anticipated Rule 35 motion when determining a reasonable sentence in this case. *United States v. Fernandez*, 443 F.3d 19, 33 (2d Cir. 2006)(abrogated on other grounds). As the *Fernandez* court reasoned:

> We agree that in formulating a reasonable sentence a sentencing judge must consider "the history and characteristics of the defendant" within the meaning of 18 U.S.C. § 3553(a)(1), as well as the other factors enumerated in § 3553(a), and should take under advisement any related arguments, including the contention that a defendant made efforts to cooperate, even if those efforts did not yield a Government motion for a downward departure pursuant to U.S.S.G. § 5K1.1 ("non–5K cooperation"). Section 3553(a)(1), in particular, is worded broadly, and it contains no express limitations as to what "history and characteristics of the defendant" are relevant. This sweeping provision presumably includes the history of a defendant's cooperation and characteristics evidenced by cooperation, such as remorse or rehabilitation.

*Id*. Robert's history explains much of his present, and his actions after this arrest demonstrate he is invaluable to the Government and victims in this case. Certainly, this is something the Court may and should consider when fashioning an appropriate sentence. Roberts is not asking to go unpunished. Rather, he is asking this Court to vary downward from the advisory guideline range based on the above discussed factors.

Respectfully submitted,

s/ Jason M. Wandner

**JASON M. WANDNER, ESQ.**
100 N. Biscayne Blvd.
Suite 1607
Miami, Florida 33132
Telephone: (305) 868-1655
Facsimile: (305) 868-1698
E-mail:jason@wandnerlaw.com
Florida Bar No. 0114960

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically and served on all parties using the cm/ecf filing system this 24th day of September, 2026.

s/ Jason M. Wandner

**JASON M. WANDNER, ESQ.**